IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,  :
       Respondent  :
   v.  : Case No. 3:10-cv-211-KRG-KAP
ERIK A. LYBARGER,  : (related to 3:95-cr-21-KRG)
       Petitioner  :

## Report and Recommendation

### Recommendation

Petitioner filed a motion styled "Motion As It May Or Shall Sua Sponte Pursuant To Writ Of Audita Querela And Or 18 U.S.C.§ 3585(h) Or <u>Nunc Pro Tunc</u> Designation" which can be construed as a petition for a writ of habeas corpus under 28 U.S.C.§ 2241. I recommend that it be dismissed as moot.

### Report

Petitioner is facing a 24 month federal sentence imposed in May 2002 by Honorable D. Brooks Smith, then of this Court. Petitioner was originally indicted in 1995 for possessing an unregistered firearm in violation of 26 U.S.C.§ 5861, pleaded guilty, and was sentenced by Judge Smith on April 16, 1996 to 37 months imprisonment followed by 36 months of supervised release. After serving his sentence of imprisonment petitioner violated the terms of his supervised release by committing a new crime under Pennsylvania state law of possessing an unregistered firearm, for which petitioner was sentenced in the Court of Common Pleas of Cambria County on February 28, 2002, to a term of imprisonment. In such cases, 18 U.S.C.§ 3583(g) requires the revocation of supervised release and the imposition of a term of imprisonment,

and on May 13, 2002, Judge Smith duly revoked petitioner's supervised release and sentenced him to 24 months imprisonment, to be served consecutive to the state sentence. Judge Smith's sentencing order contained the stock language "in all other respects, the sentencing order of the Court, dated April 16, 1996, would remain in force and effect."

The petitioner filed his motion because he is concerned that the last phrase means that the federal government will try to tack another three year period of supervised release onto his sentence. Petitioner need not be concerned. The stock phrase in his latest federal sentence is intended to avoid repeating matters not in dispute, and ordinarily means that any provision of the original order not inconsistent with the revocation order (for instance a provision for fines, restitution, or special assessment, or in petitioner's case Judge Smith's recommendation for substance abuse treatment) is retained. Revocation of supervised release and imposition of a sentence of imprisonment are by their nature inconsistent with the continued existence of supervised release. In some cases a judge can impose a term of supervised release after a revocation sentence, consistent with the limits of 18 U.S.C.§ 3583(h), but Judge Smith did not. Further, as both the petitioner and the government agree, due to 18 U.S.C.§ 3583(e)(3) Judge Smith could not have imposed any further supervised release in this case if he had wanted to, and it is the position of the Probation Office

that they understand Judge Smith's sentence not to impose any further supervised release. See Response of the United States at 2 and 3n.1.

Because the petitioner, the government, and the Court agree for overlapping reasons that there is no term of supervised release remaining to be served, there is no live case or controversy. The case or controversy clause of Article III Section 2 of the Constitution limits the jurisdiction of this court to remedying injuries that can be redressed with a favorable judicial decision. Spencer v. Kemna, 523 U.S. 1, 7 (1998). Petitioner has already received all the relief he requested from this court, and his petition can be dismissed as moot.

Pursuant to 28 U.S.C.§ 636(b)(1), the parties are given notice that they have fourteen days to serve and file written objections to this Report and Recommendation.

DATE: September 22, 2010

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record and by U.S. Mail to:

Erik A. Lybarger, Reg. No. 10902-068
c/o Renewal Resident Mail
P.O. Box 295
Pittsburgh PA 15230